ABI SMITH & others *vs.* SILAS D. HARRINGTON & another.

Under a will which, after various specific devises and bequests, contains the following pro-
vision: " If anything remains, my will is that the residue shall be deposited in the Wor-
cester Savings Bank, and to be appropriated by my executors to the relief of my heirs,
if they at any time shall need pecuniary assistance; " the entire beneficial interest in the
residue vests in those who are the heirs at law of the testator at the time of his death,
and, if they all desire it, and the executors consent, the trust may be annulled, and the
property distributed amongst them, upon their executing a release to the executors.

BILL IN EQUITY by the heirs at law of Sylvester Brown, pray-
ing that a trust created in his will for their benefit might be
annulled, and the fund paid over to them in such proportions as
they were entitled to, under the statutes of descent and distribu-
tion, and for other and further relief. The case was heard upon
the bill and answer, and the facts are stated in the opinion.

*T. L. Nelson,* for the plaintiffs.

*G. F. Hoar,* for the defendants. It depends on a future
contingency who are to be the beneficiaries under the will, at
what time they are to take, and what shall be the extent and
mode of their enjoyment. It is a trust for a class, namely, those
of the heirs who may stand in need. The present heirs can con-
vey, release or extinguish nothing. Where a trust is created for
a class which does not at present exist, it cannot be determined
by the release of all persons who may be found hereafter to
compose that class. Suppose, for example, a trust for those
of the testator's classmates, or their children, who may stand in
need ; or to educate the graduates of a certain college, who may
be needy, for the ministry. In this case, the court is asked to
set aside the clearly expressed will of the testator. Trusts exe-
cuted for the benefit of parishes and other large bodies, where
the whole control and management of the trust were meant to
be in the beneficiary, and the trust was created simply for the
convenient holding of the legal title, stand on a different footing.
Such was the case of *Attorney General* v. *Federal Street Meet-
ing-House,* 3 Gray, 1. But the leading purpose of the establish-
ment of this class of trusts is, to place them beyond the power
of all parties to extinguish them. Is it not in the power of a

testator to provide for the possible necessity or profligacy of his children, beyond contingency ? This trust is not void as creating a perpetuity. The word " heirs " will be construed to mean next of kin, in a bequest of personalty. 2 Jarman on Wills, 14, *note* 1.

MERRICK, J. It is apparent from the provisions of the will that the testator intended to make an absolute disposition of the whole of his estate. He devised certain portions of his real estate and bequeathed legacies to different persons; and directed that his debts, legacies and funeral charges should be paid, and that all his estate not required for these purposes should be sold, at the discretion of his executors, and converted into money. He then adds, and this is the concluding provision of his will: " If anything remains, my will is that the residue shall be deposited in the Worcester Savings Bank, and to be appropriated by my executors to the relief of my heirs, if they at any time shall need pecuniary assistance."

This is a bequest of the entire beneficial interest in the residuary fund to those persons who should be the heirs at law of the testator at the time of his death. It cannot be considered as an executory devise or bequest, for there is no limitation over to any other persons, or for any other purpose, after the trust shall have been fully executed in behalf of those who acquire in it a direct and immediate interest. And even if it could be supposed to have been the intention of the testator to preserve the fund and continue the trust beyond the lives of those first entitled to participate in its advantages, for the benefit of those who should through an indefinite period of time become his heirs, it would be justly obnoxious to the rule against perpetuities, and the limitation over would for that reason be inoperative and void ; and the bequest, being a gift of the entire interest in the residuary fund, would vest the property in the persons first entitled to take it. *Brattle Square Church* v. *Grant,* 3 Gray, 142, 156. Nor is this residuary interest subject to any possibility of reverter, or left undisposed of as an undivided part of the estate. For the testator in the most comprehensive terms disposes of all the property of which he shall die seised and

possessed, without annexing to the gift of that portion of it which shall remain after satisfying all the devises, legacies and payments for which there is specific provision, any condition in favor of his heirs, or making the final appropriation of it subject to any contingency, whatever, which may happen at, or subsequently to, the decease of the last survivor.

As the bequest is thus an absolute gift to the persons, who are the heirs of the testator at his decease, and as the whole fund might be exhausted and the trust be fully executed before the decease of any one of them, because the need of pecuniary assistance by the several parties might require the use of all of it, and as the whole of it must come at last either to all or to some one of them or their heirs, the present receipt of the money by them in such proportions as they would be entitled to take as heirs at law of the deceased, if he had died intestate, and their joint and several discharge of the executors from the joint and several shares, claims and interest in it, would necessarily operate as a termination of the trust which he intended and attempted to create, and relieve all persons and parties from any possible future liability in respect to the residuary portion of the estate.

The plaintiffs are the heirs, and the only heirs at law of the testator, and are therefore the only parties interested in the enjoyment, or in the final distribution of that part of his estate which still remains in possession of the executors. And as all of the plaintiffs desire that it shall now be distributed, and as the executors make no objection thereto, if they can lawfully pay over the funds in their hands, and express their willingness that the trust should be at once terminated in this manner, and their belief that this will be for the best interest of all parties concerned, there is no good reason why it should not be immediately done. There is no legal or equitable objection to the granting of the relief prayed for in the bill. For considered collectively the plaintiffs are the real and substantial owners of the property, and it is reasonable and just that it should be disposed of in conformity to the desire and preference in which they all unite.

It was, however, objected on the part of the executors that such a conclusion cannot be correct, because the principle upon which it rests would, if sanctioned, deprive a testator of the power of settling beyond contingency a portion of his estate for the relief and benefit of children who might be either careless and improvident, or incapable, from any cause, of taking care of themselves. But the objection is unfounded. The principle is simply this; that where property is given, granted or bequeathed to certain individuals to be used, appropriated and applied for their benefit, and in such manner that no other person or persons have or can have any interest in it, they thereby become in effect the absolute owners of it, and may exercise all the rights belonging to them in that relation. It is easy to create a trust which cannot be annulled or interfered with. This may be done in various ways. If, for instance, the use of an estate or the income of property be given to one or many persons for life, with remainder over at his or their decease to their respective heirs, or if given for some intermediate time, and then upon the happening of some specified contingency to pass to other designated parties who may then be in being, the trust must be preserved, because until the death of the beneficiary in the one case, or the occurrence of the contingency in the other, it cannot be known to whom the property will finally come. In the mean time, there is no one competent to execute a valid discharge to the trustee, because it cannot be ascertained in whom the right of property will ultimately become vested. Such, and all similar provisions, are very different from that made by the testator in the present case, where his heirs at law, taken collectively, are to be considered as the sole and exclusive owners of the property bequeathed, because they alone have any beneficial interest in it.

The plaintiffs, therefore, having made and executed a release and discharge to the defendants, as executors of the last will of the testator, and filed it in the office of the clerk of this court for their use, a decree allowing and requiring the defendants to pay over the residue of the estate remaining in their hands to the several legatees, in the proportions to which as heirs at law they

would be respectively entitled if the deceased had died intestate, is accordingly to be entered.

The costs of suit, and the expenses of the defendants in reference thereto, are to be paid from the funds in their hands, previously to any distribution thereof under the decree now made.